UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12588-GAO

BETHANY TRIPP, on behalf of herself and all others similarly situated,
Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
Defendant.

ORDER
September 21, 2017

O'TOOLE, D.J.

A federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. See Denchfield v. Waller, 97 F.3d 1445, at *1 (1st Cir. 1996) (citing In Re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1998)) (unpublished table decision). The defendant removed this putative class action from Suffolk County Superior Court, invoking the Court's diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Although the Notice of Removal sufficiently pleads diversity among the parties, the defendant relies entirely on the plaintiff's claim of $1,000,000 of damages in her state Civil Cover Sheet to demonstrate the minimum amount in controversy of $75,000 has been met. However, as another judge in this district recently explained,

> [C]ivil cover sheets are inherently imprecise, and the extent of a civil cover sheet's role in determining the amount in controversy is not settled in this Circuit. Courts in this district and elsewhere have held that although a civil cover sheet may provide evidence of the amount in controversy, it is "not in itself dispositive." Other courts have reasoned that a civil cover sheet "is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction."

Williams v. Toys "R" Us – Del., Inc., C.A. No. 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (internal citations omitted).

The plaintiff's complaint itself does not allege damages in any specific dollar amount and, based on the allegations and requested relief, the figure included in the Civil Cover Sheet appears to be entirely arbitrary. At the very least, no justification for that figure appears anywhere in the record. In the circumstances, there is substantial reason to doubt that the amount in controversy exceeds the jurisdictional threshold for invoking diversity jurisdiction.

Consequently, the defendant, who bears the burden of demonstrating that the amount in controversy is satisfied, is hereby ordered to show cause within seven days of this Order why this action should not be remanded to the state court for lack of subject matter jurisdiction.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge