UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12588-GAO

BETHANY TRIPP, on behalf of herself and all others similarly situated,
Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
Defendant.

ORDER
September 29, 2017

O'TOOLE, D.J.

On September 21, 2017, I ordered the defendant, as the party invoking federal jurisdiction, to show cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. See Denchfield v. Waller, 97 F.3d 1445, at *1 (1st Cir. 1996) (citing In Re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1998)) (unpublished table decision). In that order, I explained that there was reason to doubt that the amount in controversy exceeds the jurisdictional threshold for invoking diversity jurisdiction as the complaint neither claims a specific dollar amount in damages nor provides factual allegations which might permit an estimate of damages. I noted that the figure in the Civil Cover Sheet, apparently taken from the plaintiff's state court Civil Action Cover Sheet, appears entirely arbitrary based upon the allegations and requested relief. See id.; see also Williams v. Toys "R" Us – Del., Inc., C.A. No. 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citations omitted). The defendant has timely responded to the show cause order.

Upon a review of the defendant's submission, I conclude that the defendant has failed to demonstrate that this Court has jurisdiction over the matter. The defendant does not offer any

additional information about the claims or conceivable damages, but instead continues to rely exclusively on the sum stated in the civil cover sheets. That simply begs the question. Even assuming the defendant need show only a reasonable probability that the amount in controversy meets the jurisdictional minimum, cf. Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 43 (1st Cir. 2009), there is simply no basis in this record to conclude that the sum asserted is reasonably *possible*, much less *probable*. I conclude that jurisdiction under 28 U.S.C. § 1332 is lacking.

Consequently, the matter is hereby REMANDED to the Suffolk County Superior Court for lack of federal subject matter jurisdiction.

It is SO ORDERED.

                    /s/ George A. O'Toole, Jr.
                    United States District Judge